**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.  <u>CV 15-2100-RSWL (PLA)</u>                              Date <u>April 1, 2015</u>

Title:   <u>Johnnie Thomas v. K. Seibel, Warden, et al.</u>

---

PRESENT: THE HONORABLE   <u>PAUL L. ABRAMS</u>              ☐ U.S. DISTRICT JUDGE
                                                                                        ☒ MAGISTRATE JUDGE

|  <u>Christianna Howard</u>  |  <u>N/A</u>  |  <u>N/A</u>  |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**           **ATTORNEYS PRESENT FOR RESPONDENT:**
             NONE                                                                               NONE

**PROCEEDINGS:**         ( IN CHAMBERS)

On March 20, 2015, Petitioner, who currently is incarcerated at Chuckawalla Valley State Prison, in Blythe, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.").

As best as the Court can discern, petitioner is in state custody for a conviction that is not being challenged herein. Rather, the Petition apparently is directed to a *federal* detainer allegedly lodged against petitioner relating to a "pending probation violation," in Central District of California case number CR 04-30-GHK-1.[1] (<u>See</u> Pet. at 24). Specifically, petitioner appears to contend that pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the District Judge in case number CR 04-30-GHK-1 should "discharge [petitioner's] probation," and "cancel [a] federal detainer and *pending* probation violation." (<u>See</u> Pet. at 24, 25 (emphasis added)).

There are at least two problems with the Petition.

First, 28 U.S.C. § 2254, the statute under which petitioner brought his Petition, empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). As noted, although petitioner currently is in state custody, he does not appear to be challenging his state conviction for purposes of § 2254. Persons *in federal custody* may contest the legality of their custody and/or federal sentence by filing habeas petitions under 28 U.S.C. § 2241 or § 2255. See <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000). The distinction

---

[1] A review of the docket in case number CR 04-30-GHK-1 reveals that on December 17, 2013, when petitioner failed to appear for a hearing/status conference on a petition for preliminary revocation of supervised release, a "no bail bench warrant" issued. (CR 04-30-GHK-1, Dkt. Nos. 141, 144).

between a habeas corpus petition under § 2241, and a motion to vacate, set aside, or correct a sentence under § 2255 directly impacts whether a particular district court has jurisdiction to entertain the action. Id. at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted); Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir. 2008). A motion under § 2255 must be brought in the sentencing court. See 28 U.S.C. § 2255. On the other hand, a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate vehicle by which a federal prisoner challenges the manner, location, or conditions of the execution of his sentence. Hernandez, 204 F.3d at 864. A § 2241 petition must be brought in the district in which the petitioner is in custody. Id. at 865.

Here, petitioner appears to be challenging the legality of his federal sentence, in that he is seeking to have the terms of his probation in federal case number CR 04-30-GHK-1 vacated, set aside, or corrected, and a federal detainer lifted. As such, it appears that the Petition should have been brought, if at all, under § 2255, not § 2254.

Second, even if petitioner is challenging the legality of his federal sentence, at this time petitioner is not entitled to relief under either 28 U.S.C. § 2255 or § 2241, since the alleged existence of the detainer alone is not sufficient to render petitioner *in federal custody* for habeas corpus purposes. See Moody v. Daggett, 429 U.S. 78, 86-87, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (holding that a federal parolee imprisoned for a crime committed while on parole does not have a constitutional right to a prompt parole revocation hearing upon the filing of a parole violator warrant with the institution of his confinement, and that the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the violator warrant); Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 848 (9th Cir. 1983) (holding that the existence of a detainer alone is not sufficient to render petitioner in federal custody); see also Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994) (a "bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available"); Campos v. INS, 62 F.3d 311, 313 (9th Cir. 1995) (a detainer letter is insufficient to place petitioner in federal custody for habeas corpus purposes) (citations omitted). Based on the foregoing authorities, and the claims alleged in the Petition, it appears to this Court that petitioner is not currently "in federal custody" and, therefore, this Court lacks jurisdiction to consider a petition under either 28 U.S.C. § 2255 or § 2241.

Based on the foregoing, **on or before April 24, 2015**, the Court orders petitioner to show cause why this action should not be summarily dismissed (1) as improperly brought under § 2254, and (2) because petitioner is not in federal custody. To avoid dismissal, on or before **April 24, 2015**, petitioner must file a response to this Order detailing why he believes the action should go forward under § 2254; and, if petitioner is indeed challenging the legality of his federal sentence, federal probation, and/or the federal detainer allegedly imposed in case number CR-04-30-GHK-1, demonstrating that he currently is "in federal custody." If petitioner agrees that the action is improperly brought under § 2254, and that he is not currently in federal custody for purposes of a habeas petition under § 2255, he may request a **voluntary dismissal of this action without prejudice** by **completing the attached Notice of Dismissal form and selecting the option dismissing this action in its entirety. He must also sign the form.**

**Petitioner is advised that his failure to file a response to this Order on or before April 24, 2015, as set forth herein, will result in a recommendation that this action be dismissed for lack of jurisdiction, and for failure to prosecute and follow court orders.** The clerk is directed to send petitioner a copy of the Notice of Dismissal form, along with this Order.

cc:     Johnnie Thomas, pro se

Initials of Deputy Clerk   ch